POTOMAC CAPITAL MARKETS COR-PORATION and Potomac Capital Preferred Corporation, Plaintiffs,

v.

PRUDENTIAL–BACHE CORPORATE DIVIDEND FUND, INC., Prudential Mutual Fund Management, Inc., Lawrence C. McQuade, Edward D. Beach, Michael J. Downey, Delayne D. Gold, Harry A. Jacobs, Jr., Stanley E. Shirk, Stephen Stoneburn and Nancy Hays Teeters, Defendants.

No. 89 Civ. 2350 (RPP).

United States District Court, S.D. New York.

Sept. 28, 1990.

---

1. The Court notes that civil cases in both Districts are disposed of in a similar time span.

Friedman, Wang & Bleiberg by Peter N. Wang, New York City, Covington & Burling by Harris Weinstein, Washington, D.C., for plaintiffs.

Sullivan & Cromwell by Theodore O. Rogers, Jr., New York City, for Prudential-Bache Corporate Dividend Fund, Inc.

Cahill Gordon & Reindel by Thomas J. Kavaler, New York City, for Prudential Mut. Fund Management, Inc.

Seward & Kissel by Anthony Mansfield, New York City, and Gardner, Carton & Douglas by Michael R. Barry, Chicago, Ill., for Lawrence C. McQuade, Edward D. Beach, Michael J. Downey, Delayne D. Gold, Harry A. Jacobs, Jr., Stanley E. Shirk, Stephen Stoneburn and Nancy Hays Teeters.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

This is an action alleging violations of the Investment Company Act of 1940 ("the Act"), 15 U.S.C. § 80a-1 *et seq.*, and various state law violations. By order dated December 4, 1989, 726 F.Supp. 87, this Court dismissed plaintiffs' claims based on sections 13(a)(4), 20(a), 25(a) and 34(b) of the Act pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs filed an Amended Complaint on December 14, 1989, reasserting the four claims the Court dismissed. Defendants now move to dismiss counts one, two, four and five of the Amended Complaint pursuant to Fed.R. Civ.P. 12(b)(6). For the reasons set forth below, defendants' motion is granted as to counts four and five but denied as to counts one and two.

## BACKGROUND

The facts of this case are fully set forth in the earlier opinion of this Court and will only be summarized briefly for the purposes of this motion.

Plaintiffs were shareholders in Prudential Bache Corporate Dividend Fund, Inc., ("the Fund") in June 1988 when the Fund issued a proxy statement seeking shareholder approval of a change in the Fund's investment policy. Previously, the Fund represented that at least 65% of its total assets were to be invested in adjustable rate preferred stocks with at least 25% of assets invested in the securities of bank holding companies. The June 1988 proxy statement modified the Fund's investment policy to the extent that:

> The Fund ... will no longer invest at least 65% of its total assets in adjustable rate preferred stocks. Instead, the Fund will invest in a broad range of securities, including auction rate and remarketed preferred stocks and common stocks, as well as adjustable rate preferred, other floating rate preferred and conventional preferred stocks. Under normal circumstances the Fund will continue to invest at least 65% of its total assets in these securities, each of which qualifies for the corporate dividends received deduction under federal income tax laws, and will invest the remainder of its assets in oth-

er fixed-income securities, obligations issued or guaranteed by the U.S. government ... and money market instruments.... The Fund may invest temporarily, for defensive purposes, all or a substantial portion of its assets in short-term securities, obligations issued or guaranteed by the U.S. government ... and money market instruments.

The Fund will continue to be a diversified, open-end management company expressly designed for corporate investors.

Whelan Aff., Exh. B.

Shareholders approved the proposed changes at their annual meeting on June 28, 1988. The Fund issued a new prospectus in October 1988 reflecting its revised investment policy.

On January 10, 1989, the Fund sent a letter informing its shareholders that the Fund's Board of Directors at a special meeting earlier that day had unanimously decided to cease sales of Fund shares and to liquidate its portfolio by February 15, 1989, or soon thereafter, in order to preserve the Fund's dwindling assets. On January 13, 1989, the plaintiffs redeemed their shares for cash, allegedly at a substantial loss. Amended Complaint ¶ 7.

## DISCUSSION

I. *Claims Under Sections 20(a) and 34(b) of the Investment Company Act*

■ Section 20(a) of the Act, 15 U.S.C. § 80a–20(a), makes it unlawful to solicit any proxy in respect of a security issued by a registered investment company such as the Fund in contravention of the rules and regulations prescribed by the SEC, including Rule 14a–9(a), 17 C.F.R. § 240.14a–9(a), which provides:

No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the state-

ments therein not false or misleading. . . .

Section 34(b), 15 U.S.C. § 80a–33(b), contains an identical prohibition with regard to the documents filed pursuant to the Act including the June 1988 proxy statement and the October 1988 prospectus.

As in plaintiff's first complaint, the Amended Complaint alleges that the defendants violated Sections 20(a) and 34(b) by failing to disclose in either the June 1988 proxy statement or the October 1988 prospectus that the investment policy change gave the Board the power to liquidate and close the Fund.

The Court previously dismissed plaintiffs' causes of action under sections 20(a) and 34(b) (counts one and two) stating:

The two causes of action cannot stand absent allegations that defendants at the time of the issuance of the proxy and the prospectus had plans for liquidation which they failed to mention. The Complaint alleges liability for a failure to engage in pure speculation as to how and under what circumstances a designated power [to liquidate] might be used in the future.

726 F.Supp. at 92.

The Amended Complaint attempts to cure the initial pleading deficiencies by alleging that defendants were seeking the power to liquidate in the June 1988 proxy solicitation and the October 1988 prospectus and by alleging upon information and belief that defendants contemplated the use of and intended to use such power at the time. Amended Complaint ¶¶ 25, 32.

Such pleading would appear to meet the Court's requirement in its earlier opinion. Accordingly, the motion to dismiss counts one and two is denied without prejudice to defendants making a similar motion upon completion of discovery.

II. *Claims under Sections 13(a)(4) and 25(a) of the Investment Company Act*

■ This Court dismissed plaintiffs' original claims under Sections 13(a)(4) and 25(a) because it found no implied private right of action under either section of the

Act. *Potomac Capital Markets Corp.*, 726 F.Supp. at 92–93. Plaintiffs, however, realleged these claims in counts four and five of their Amended Complaint. Plaintiffs argue that as a technical matter, they were required to include the dismissed claims in the Amended Complaint in order to preserve their right to appeal the dismissal, citing *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir.1981). Without reaching the merits of this argument, the Court dismisses counts four and five for the reasons set forth in its earlier opinion.

SO ORDERED.